## APPEAL OF DEMAREST SILK CO.

Docket No. 4970.   Decided August 4, 1926.

The error alleged is that the Commissioner refused to permit the petitioner to value its inventories on the average-cost method. *Held*, that if the Commissioner obtains a result that is just and reasonable, it will not be disturbed, regardless of the method used in making the computation, and that the proof does not show that the result obtained by the Commissioner is incorrect.

*Leon F. Cooper, Esq.*, and *Fred J. Neuland, Esq.*, for the petitioner.

*Joseph K. Moyer, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, GREEN, and LOVE.

In his audit and computation of the petitioner's income and profits taxes for the years 1917, 1918, and 1919, the Commissioner determined that for the year 1917 there was a deficiency in tax of $8,255.14; for the year 1918 an overassessment of $16,621.82; and for the year 1919 a deficiency of $8,727.47. The petitioner has appealed from the Commissioner's determination as to each of the years.

In his answer the Commissioner set up a plea to the jurisdiction of this Board as to the year 1918, upon the ground that the Commissioner had not, since the enactment of the Revenue Act of 1924, determined a deficiency as to this taxpayer for the year 1918.

The allegation of error is "that the Commissioner has refused to permit the taxpayer to value its inventories on the average-cost method in arriving at cost of goods sold."

### FINDINGS OF FACT.

The petitioner is a Pennsylvania corporation engaged in the manufacture of silk cloth at Williamsport. It commenced manufacturing operations in 1904, and since that time it has, with only two exceptions, so far as it is disclosed by the record, computed the value of its opening and closing inventories upon what is described as the average-cost method. In the years 1916 and 1919 the average cost of raw materials was reduced in the computation of the closing inventory by an arbitrary figure to adjust the average-cost price to compensate the taxpayer for the drop in the price of the raw material.

The taxpayer's inventories are made up of the cost of raw material, goods in process, and finished goods. The raw materials consist principally of organzine and tram. The reduction of these to what is known as "thrown" silk is a rather slow process and in the taxpayer's mills commonly occupies from three to six months. Frequently, in order to save the delay of this process, thrown silk was purchased in the open market and the time for the manufacture of

the finished product thereby reduced some three to six months. These purchases of thrown silk were frequently made at times when petitioner had on hand ample supplies of raw material. Because of varying conditions and varying demands, no time can be accurately fixed as being required to put the raw materials through the various processes necessary to produce the finished goods, but from three to six months was usually required to complete the various processes.

The yearly average cost which the petitioner used as the basis for the computation of values was ascertained by averaging the cost per pound of all purchases made during the year. This method of computation is obviously applicable only to raw materials and the evidence does not disclose the methods pursued in computing the value of the goods in process or the finished goods. According to the taxpayer's invoices, the average cost per pound in 1919 of organzine was $7.55 and of tram $7.40. One of the officers of the corporation concluded that such prices were 15 cents per pound in excess of the market price and accordingly reduced them by that amount in computing the inventory values.

The petitioner has furnished no material facts with respect to his inventory other than those above set out, nor has either party furnished us any evidence from which we may learn the method used by the Commissioner in his computation of the inventory values or the total inventory value computed by him.

OPINION.

GREEN: The petitioner urges that under the decision in the *Appeal of E. J. Barry*, 1 B. T. A. 156, this Board has jurisdiction of overassessments and that we may determine its tax liability for 1918. This question has been effectually disposed of by section 274(g) of the Revenue Act of 1926. See *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The petitioner alleges that the Commissioner has erroneously refused to permit it to compute its inventories upon the average annual cost basis. It argues that, because of the length of time consumed by the various manufacturing processes and the fact that it frequently purchases thrown silk in substantial quantities, its method of computing inventory values is the only correct one. It argues that because the Commissioner used some other method in the computation of inventory values, such inventory values are necessarily wrong. To us there seems to be little merit in such a contention. In the individual case the manner of making the computation is of little importance. The all important thing is that the result was correct. The petitioner has offered no evidence upon which we can conclude that the result obtained by the Commissioner is not correct.

The petitioner's inventory is not before us and we can not determine whether, using the average-cost method, it arrived at a correct valuation in making its computation. Infrequent, indeed, is the valuation that may be correctly determined by one method only. No taxpayer can establish his right to relief before this Board by proving that his method of computation is superior to that used by the Commissioner, unless he at the same time shows that the valuation which he obtained is more nearly correct than that obtained by the Commissioner. If the result obtained by the Commissioner in his computation is just and reasonable, this Board will not disturb it regardless of the method used in making the computation.

It is argued by the petitioner that it has consistently followed the yearly average-cost method in computing this inventory and that this Board, in the *Appeal of The Buss Co.*, 2 B. T. A. 266, has indicated that it regarded consistency in inventory methods as of the greatest importance. We find no occasion to depart from the principle there announced. In this appeal the evidence shows that the taxpayer did not itself regard the yearly average-cost method as producing a satisfactory valuation. The effect in those years of the arbitrary reduction made, was to reduce the yearly average cost to the closing market price. We feel we may reasonably assume that the Commissioner, in accordance with the regulations, used in his computation the second alternative; cost or market, whichever is lower, which would lead us to the conclusion that as to such two years the disagreement between the petitioner and the Commissioner is in reality a disagreement as to the market price to be used in the computation. As to this market price there is no proof. There is no proof indicating that the Commissioner has erred in his computation of the tax.

*Judgment for the Commissioner.*